## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

SPRINT COMMUNICATIONS LLC,    )
    )
    *Plaintiff-Appellee*,    )
    )
    v.    )    Case No.: 22-11717
    )
RETROBRANDS USA, LLC,    )
JEFFREY KAPLAN,    )
NEXTEL MOBILE WORLDWIDE INC.,    )
    )
    *Defendants-Appellants*.    )

## PLAINTIFF-APPELLEE'S AMENDED RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO DETERMINE JURISDICTION POSTURE AND AVENUE AND TO STAY BRIEFING

*Sprint Communications LLC v. Retrobrands USA, LLC, et al.*
Case No. 22-11717

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellee Sprint Communications LLC, pursuant to 11th Cir. R. 26.1-1 through 26.1-3 and Fed. R. App. P. 26.1, hereby certifies that in addition to the persons and entities listed in Appellants' CIP and Corporate Disclosure Statement filed on June 14, 2022 and Appellants' CIP and Corporate Disclosure Statement included in their October 14, 2022 motions, the following persons and entities also have an interest in the outcome of this case:

Eller, Claire H. (Counsel for Plaintiff-Appellee)

Additionally, Plaintiff-Appellee Sprint Communications LLC certifies that Brad R. Newberg, former counsel for Plaintiff-Appellee, no longer has an interest in the outcome of this case, having departed McGuireWoods LLP and withdrawn from the underlying proceeding in January 2022.

Sprint Communications LLC is an indirect wholly-owned subsidiary of Sprint LLC.

On December 31, 2021, Sprint Corporation converted to a limited liability company and is now Sprint LLC, which is a direct wholly-owned subsidiary of T-Mobile USA, Inc.

T-Mobile USA, Inc., a Delaware corporation, is a direct wholly-owned subsidiary of T-Mobile US, Inc., a Delaware corporation.

*Sprint Communications LLC v. Retrobrands USA, LLC, et al.*
Case No. 22-11717

T-Mobile US, Inc. (NASDAQ: "TMUS") is a publicly-traded company listed on the NASDAQ Global Select Market of NASDAQ Stock Market LLC ("NASDAQ").

Deutsche Telekom Holding B.V., a limited liability company (*besloten vennootschap met beperkte aansprakelijkheidraies*) organized and existing under the laws of the Netherlands ("DT B.V."), owns more than 10% of the shares of T-Mobile US, Inc.

DT B.V. is a direct, wholly-owned subsidiary of T-Mobile Global Holding GmbH, a Gesellschaft mit beschränkter Haftung organized and existing under the laws of the Federal Republic of Germany ("Holding").

Holding, is in turn a direct, wholly-owned subsidiary of T-Mobile Global Zwischenholding GmbH, a Gesellschaft mit beschränkter Haftung organized and existing under the laws of the Federal Republic of Germany ("Global").

Global is a direct, wholly-owned subsidiary of Deutsche Telekom AG (OTCQX: "DTEGY"), an Aktiengesellschaft organized and existing under the laws of the Federal Republic of Germany ("Deutsche Telekom").

The principal trading market for Deutsche Telekom's ordinary shares is the trading platform "Xetra" of Deutsche Börse AG. Deutsche Telekom's ordinary shares also trade on the Frankfurt, Berlin, Düsseldorf, Hamburg, Hannover, München and Stuttgart stock exchanges in Germany. Deutsche Telekom's

*Sprint Communications LLC v. Retrobrands USA, LLC, et al.*
Case No. 22-11717

American Depository Shares ("ADSs"), each representing one ordinary share, trade on the OTC market's highest tier, OTCQX International Premier (ticker symbol: "DTEGY").


Dated: October 19, 2022

*/s/ Jonathan Y. Ellis*
Jonathan Y. Ellis

*Counsel for Plaintiff-Appellee*
*Sprint Communications LLC*

## BACKGROUND

This appeal concerns Sprint's efforts to enforce its trademark rights in the NEXTEL brand and to seek compensation for Appellants' past unlawful behavior and to stop their ongoing infringement and counterfeiting of Sprint's brand. Appellants' efforts to evade responsibility for their conduct and continue their unlawful behavior has created a somewhat complicated procedural posture before this Court. Sprint offers the following summary to aid the Court in understanding the current posture and to resolve Appellants' most recent request.

1.      In April 2022, a jury found Appellants liable for trademark infringement, unfair competition, counterfeiting, and cybersquatting related to Sprint's trademarks on the NEXTEL brand and awarded Sprint $9.7 million in damages. ECF No. 309. At the close of trial on April 18, 2022, Sprint orally moved for entry of a permanent injunction to prevent future infringement. *See* Trial Tr. Vol. 8 (Apr. 18, 2022) at 99:10-13. The district court instructed Sprint to file a written motion for this relief, explaining that the court would thereafter grant that motion. *Id.* at 99:16-17 ("And as for your injunction, file something and I'll sign it in a day or so."). In the meantime, the court entered judgment on the jury verdict on April 22. ECF No. 310.

Each party subsequently filed a post-trial motion. On April 26, Sprint filed a written motion for a permanent injunction pursuant to the district court's direction.

ECF No. 313.  Several weeks later, on May 19, Appellants (along with the other defendants) filed a motion under Federal Rule of Civil Procedure 59 for judgment notwithstanding the verdict, to alter or amend the judgment, and for a new trial.  ECF No. 327.

The following day, before either motion was resolved, Appellants filed a notice of appeal directed at the jury verdict and corresponding judgment.  ECF No. 331.  This Court opened the current docket number and promptly held the appeal in abeyance pending the district court's resolution of the post-trial motion under Rule 59.  Minute Entry Rescinding Briefing Schedule (June 7, 2022).

2.    The district court resolved Appellants' Rule 59 motion on July 19, 2022.  ECF No. 352.  The court reduced the jury's $9,700,000 damages award to $4,500,0000, in light of Sprint's agreement that the full award was duplicative.  *Id.* at 3.  But the court rejected Appellants' request to reduce the award to $38,758 and denied each of Appellants' requests for additional relief.  *Id.* at 2-6.  In particular, the court (1) refused to amend the judgment to state that Appellants prevailed at trial as to one of the trademark registrations at issue, *id.* at 2-3; (2) rejected Appellants' argument that Sprint was not entitled to statutory damages, *id.* at 4; (3) held that the defendants were jointly and severally liable for the damages award, *id.* at 5 n.3; (4) rejected Appellants' various evidentiary challenges to the jury's verdict, *id.* at 5-6; and (5) held that Sprint was entitled to judgment as a matter of law on the

defendants' tortious interference counterclaims in light of the defendants' failure to present any evidence proving the elements of those claims, *id.* at 5-6 & n.4. The court entered an amended judgment to reflect the agreed-upon reduction in damages the same day. ECF No. 353.

While the motion for permanent injunction remained pending, Appellants filed their first amended notice of appeal. ECF No. 354. The amended notice was directed at the district court's resolution of the Rule 59 motion, the original jury verdict, and the two corresponding judgments on the verdicts. *Id.*

The following week, on July 26, the district court entered the permanent injunction Sprint had requested. ECF No. 356. The injunction orders that the defendants and all those in active concert or participation with them: (a) are enjoined from infringing, diluting, counterfeiting, cybersquatting, or unfairly competing with Sprint's NEXTEL mark; (b) must deliver to Sprint all goods, containers, and promotional material using the NEXTEL mark; (c) must transfer the five domains at issue to Sprint's registrar of choice; (d) must expressly abandon all applications with the United States Patent and Trademark Office seeking to register marks that are confusingly similar to the NEXTEL mark; and (e) must file with the court a written report detailing their compliance efforts.

3.    Following the entry of the permanent injunction, Appellants took several additional steps to avoid having to comply with the district court's order.

3

First, on August 1, Appellants filed a motion to stay the amended judgment and the permanent injunction. ECF No. 361. Although Appellants have failed to post any appeal bond, they requested that these orders be stayed pending appeal or, alternatively, that the permanent injunction be stayed 30 days and the amended final judgment be stayed 60 days. *Id.* at 4.

Second, Appellants filed a separate motion in the district court under Rule 59 to vacate the permanent injunction. ECF No. 365. Appellants argue that the district court lacked jurisdiction to enter the permanent injunction on July 26. *Id.* at 6-9. They maintain that when the court issued the amended judgment on July 20, it implicitly denied Sprint's then-pending motion for a permanent injunction, and that Appellants' filing an amended notice of appeal on July 20 divested the district court of jurisdiction to rule on the permanent injunction motion. *Id.*

Both motions remain pending before the district court.

Finally, Appellants filed two additional notices of appeal, namely a second amended notice (ECF No. 366) and a duplicative new notice (ECF No. 367). Both notices reflect Appellants' challenge to the newly-issued permanent injunction, as well as to the earlier resolution of the Rule 59 motion, jury verdict, and corresponding final judgments.

4.    On Friday morning, October 14, Appellants informed Sprint's counsel that they intended to file a motion for a jurisdictional ruling and to hold the appeal

in abeyance and a motion for a further 30-day extension of time to file their opening brief.    That afternoon, without waiting for Sprint's position on the motions, Appellants filed those motions.  Upon receiving Sprint's position shortly thereafter, Appellants amended each motion to include Sprint's opposition.  On October 18, this Court granted Appellants' extension request, making their opening brief due November 28.  Appellants' other motion remains pending.

## ARGUMENT

Appellants' unusual motion asks this Court for an order: announcing which of their numerous notices of appeal "perfected appellate jurisdiction," staying the briefing (again) on their appeal, and holding the appeal in abeyance while the district court resolves their latest Rule 59 motion.  Sprint opposes that unnecessary and unreasonable request to delay resolution of this appeal.  The Court should deny Appellant's request for a preemptive order addressing this Court's jurisdiction and should deny Appellants' various efforts to delay the Court's consideration of this appeal.

1.    First and foremost, this Court should not issue a premature order addressing the Court's jurisdiction over this appeal or the district court's jurisdiction over this case.  Sprint has made no objection to proceeding with one appeal on this docket of each of the relevant orders and has not moved to dismiss any aspect of this appeal.  To the contrary, Sprint agrees that Appellants' August 8 second amended

notice of appeal was a timely attempt to assert Appellants' challenge to: the permanent injunction, the district court's resolution of Appellants' first Rule 59 motion, and the jury verdict. And Sprint further agrees that Appellants' "direct" notice of appeal, filed the same day challenging the same orders, is duplicative. Appellants provide no basis for a motions panel of this Court to issue an order recognizing when and if they "perfected appellate jurisdiction." Am. Mot. 1. And they certainly provide no basis for this Court to ratify their misguided arguments concerning when, if yet, the district court was divested of jurisdiction over this case.

Appellants' arguments rest on their far-fetched view that the district court's July 19 amended judgment *implicitly* denied a request for a permanent injunction (1) that the court had *expressly* invited and indicated it would grant and (2) that the court ultimately (and shortly thereafter) did grant. Those arguments are pending before the district court now in support of Appellants' request to vacate the permanent injunction. And the district court is plainly best situated to address in the first instance what its orders and judgments did or did not mean.

This Court should not countenance Appellants' efforts to preempt the district court's consideration for no apparent reason and without any legitimate basis. Appellants contend that they need to know "which procedural avenue on which appellate jurisdiction travels." Am. Mot. 1. But Appellants filed the numerous notices of appeal and amended notices. Any confusion over the proper issues on

appeal or the "appropriate procedural avenue" is a problem of their own making and the fault of their own duplicative notices and behavior in the district court. If there are any resulting jurisdictional issues, those issues can be addressed by the merits panel, just as they would be in any other appeal.

Appellants also request that the Court dismiss their duplicative "direct" appeal. But if they desire to voluntarily dismiss the second appeal, it is fully within their power to do so with "notice to all parties." Fed. R. App. P. 42(a). Or, if they prefer to allow it to remain pending in an abundance of caution, they are free to do that as well. Given that this Court has not issued a briefing order or even issued a new docket number for the duplicative notice of appeal, the mere existence of that duplicative notice does not require any order or action by this Court.

2.    The Court should likewise not delay the ultimate resolution of this dispute by staying briefing on this appeal or holding this appeal in abeyance. Appellants argue that the Court should stay briefing and hold the appeal in abeyance until the district court resolves their second Rule 59 motion to vacate the permanent injunction, based on their view of what the district court implicitly determined in the amended judgment. While the district court is the proper tribunal to resolve that dispute in the first instance, it provides no reason to delay the resolution of an appeal. There is virtually no chance that the district court's resolution of that motion will change the contours of this appeal. And even if it did, the parties could address any

7

intervening order of the district court in supplemental briefing.  The small chance of that occurrence provides no basis for this Court to delay resolution of the case.

As noted, Appellants' pending Rule 59 motion rests on the view that, in issuing the July 19 amended judgment, the district court implicitly denied Sprint's pending motion for a permanent injunction.  According to Appellants, because the district court did not expressly reserve jurisdiction over a motion that the court had previously expressly invited, it must have silently denied it.  Because the district court implicitly denied the pending request, so the argument goes, the court's amended judgment should be considered a final, appealable judgment, which Appellants subsequently appealed.  And because Appellants appealed that judgment before the court *actually* resolved the pending motion for a permanent injunction (which, again, the court had expressly invited), the court inadvertently deprived itself of jurisdiction to issue that order.

That argument is meritless.  When Sprint first made its oral motion for a permanent injunction on April 18 at the close of trial, the district court unequivocally stated that it would grant this relief.  *See* Trial Tr. Vol. 8 (Apr. 18, 2022) at 10-13.  Sprint followed the Court's instructions to file a written motion for relief (ECF No. 313), and the Court granted that relief on July 26 (ECF No. 356).  Appellants' contention that the district court implicitly denied Sprint's permanent injunction motion on July 20 when it entered its amended judgment is thus belied by the record.

*See Blains v. Whirlpool Corp.*, 891 F.2d 203, 204 (8th Cir. 1989) (finding that district court had jurisdiction to make findings of fact and law after a notice of appeal was filed because the court had previously explicitly informed the parties on the record that he would be issuing those supplemental filings).

Because the district court did *not* implicitly deny Sprint's pending motion for a permanent injunction, there is no basis to vacate the permanent injunction for lack of jurisdiction. First, the pending motion for a permanent injunction means that there was no final decision under 28 U.S.C. § 1291 before the court entered the permanent injunction order on July 26. *See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1541-42 (10th Cir. 1996) (judgment entered following jury verdict and order on post-trial motions were not "final" orders under 28 U.S.C. § 1291 when they were issued because request for permanent injunction remained pending). Appellants' notice of appeal therefore did not divest the district court of jurisdiction over any aspect of this case. Second, even if Appellants' pre-injunction notices did divest the district court of jurisdiction over *some* aspects of the case, they did not divest the court of jurisdiction to resolve the pending motion for injunction, which it had not previously resolved and thus could not be part of the any pre-injunction appeal. *See* 20 Moore's Federal Practice – Civil, § 303.32 (explaining that an "appeal does not prevent the district court from proceeding with matters not involved in the appeal" and collecting cases).

The defendants' pending motion to vacate the permanent injunction, therefore, wholly lacks merit and must be denied. This appeal should not be delayed based on this futile motion. The parties can brief the issues in this appeal while the district court resolves the pending motion to vacate, including (as evidenced here) Appellants' arguments about the district court's jurisdiction to issue the permanent injunction. There is little chance that the district court's resolution of the motion to vacate will change any part of those arguments. And on the off chance that it does, the parties can address those changes in supplemental briefs, similar to the briefs that Appellants have invited with the current motion.

**CONCLUSION**

For the foregoing reasons, the Court should deny Appellants' motion for a jurisdictional ruling, to hold the appeal in abeyance, and to stay the briefing.

Dated: October 19, 2022

Respectfully submitted,

*/s/ Jonathan Y. Ellis*

Jonathan Y. Ellis
North Carolina Bar No. 41220
McGuireWoods LLP
501 Fayetteville Street
Suite 500
Raleigh, NC 27601
T: (919) 755-6688
F: (919) 755-6588
jellis@mcguirewoods.com

*Counsel for Plaintiff-Appellee Sprint*
*Communications LLC*

11

## CERTIFICATE OF COMPLIANCE

1.      This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,348 words, excluding the parts of the response exempted by Fed. R. App. P. 32(f).

2.      This response complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Times New Roman style.

Dated: October 19, 2022                    */s/ Jonathan Y. Ellis*
                                           Jonathan Y. Ellis

                                           *Counsel for Plaintiff-Appellee*
                                           *Sprint Communications LLC*

12

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of electronic filing to all counsel of record who are registered CM/ECF users.

Dated: October 19, 2022                    */s/ Jonathan Y. Ellis*
                                           Jonathan Y. Ellis

                                           *Counsel for Plaintiff-Appellee*
                                           *Sprint Communications LLC*