IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

11TH CIR. CASE NO. 22-11717
S.D. FLA. CASE NO. 0:18-cv-60788- JEM

_____

SPRINT COMMUNICATIONS, LLC.,
Plaintiff/Appellee,

v.

RETROBRANDS USA, LLC, ET AL.,

Defendants/Appellants.

_____
_____

**APPELLANTS' JEFFREY KAPLAN, RETROBRANDS USA, LLC,
NEXTEL MOBILE WORLDWIDE, INC. MOTION TO TAKE JUDICIAL NOTICE OF
RELATED USPTO NEXTEL RECORDS**

_____
*[OPPOSED]*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIV.)

_____

EASLEY APPELLATE PRACTICE PLLC
*Appellate Attorneys for Appellants*
DOROTHY F. EASLEY, MS, JD, BCS APPEALS
Florida Bar No.: 0015891
1200 BRICKELL AVE.,
SUITE 1950
MIAMI, FLORIDA 33131
T (305) 444-1599; (800) 216-6185
Fla. Bar Designated eMail:
administration@easleyappellate.com
Admin2@easleyappellate.com

### APPELLANTS' JEFFREY KAPLAN, RETROBRANDS USA, LLC, NEXTEL MOBILE WORLDWIDE, INC. CERTIFICATE OF INTERESTED PERSONS & CORPORATE DISCLOSURE

To assist the Court in evaluating potential conflicts, the undersigned counsel, pursuant to Rule 26.1, Fed. R. App. P., and Eleventh Circuit Internal Operating Rules 26.1-1, -2 and -3, hereby discloses that, based on the information provided to Appellants JEFFREY KAPLAN, RETROBRANDS USA LLC, and NEXTEL MOBILE WORLDWIDE, INC., and the review of the record, state they have no parent corporation and no publicly held companies holding 10% or more of their stock, and further state:

a)  Jeffrey Kaplan is a natural person.

b)  Sprint Communications LLC is an indirect wholly-owned subsidiary of Sprint LLC.

c)  On December 31, 2021, Sprint Corporation converted to a limited liability company and is now Sprint LLC, which is a direct wholly-owned subsidiary of T-Mobile USA, Inc.

d)  T-Mobile USA, Inc., a Delaware corporation, is a direct wholly-owned subsidiary of T-Mobile US, Inc., a Delaware corporation.

e)  T-Mobile US, Inc. (NASDAQ: TMUS) is a publicly-traded company listed on the NASDAQ Global Select Market of NASDAQ Stock Market LLC ("NASDAQ").

f)  Deutsche Telekom Holding B.V., a limited liability company (besloten

C-2

vennootschap met beperkte aansprakelijkheidraies) organized and existing under the laws of the Netherlands ("DT B.V."), owns more than 10% of the shares of T-Mobile US, Inc.

g)    DT B.V. is a direct, wholly-owned subsidiary of T-Mobile Global Holding GmbH, a Gesellschaft mit beschränkter Haftung organized and existing under the laws of the Federal Republic of Germany ("Holding").

h)    Holding, is in turn a direct, wholly-owned subsidiary of T-Mobile Global Zwischenholding GmbH, a Gesellschaft mit beschränkter Haftung organized and existing under the laws of the Federal Republic of Germany ("Global").

i)    Global is a direct, wholly-owned subsidiary of Deutsche Telekom AG, an Aktiengesellschaft organized and existing under the laws of the Federal Republic of Germany ("Deutsche Telekom").

j)    The principal trading market for Deutsche Telekom's ordinary shares is the trading platform "Xetra" of Deutsche Börse AG. Deutsche Telekom's ordinary shares also trade on the Frankfurt, Berlin, Düsseldorf, Hamburg, Hannover, München and Stuttgart stock exchanges in Germany. Deutsche Telekom's American Depositary Shares ("ADSs"), each representing one ordinary share, trade on the OTC market's highest tier, OTCQX International Premier (ticker symbol: "DTEGY").

Appellants further certify that the following persons and entities have some

interest in the outcome of this case:

1. AVEK IP, LLC

   (Counsel for Defendants/Counterclaimants)

2. Brown, Alex

   (Local counsel for Defendant/Counterclaimants)

3. Calabrese, Stephen

   (Defendant/Counterclaimant)

4. DeFord, Amanda L.

   (Counsel for Plaintiff/Appellee)

5. Concept Law

   (Counsel for Defendants/Counterclaimants)

6. Donnelly, Kyle (*pro hac vice*)

   (Counsel for Defendants/Counterclaimants)

7. Easley Appellate Practice, PLLC

   (Appellate Counsel for Appellants)

8. Easley, Dorothy F.

   (Appellate Counsel for Appellants)

9. Ellis, Jonathan Y.

   (Counsel for Appellee)

10. Holladay-Tobais, Sarah F.

(Counsel for Plaintiff/Appellee)

11. Kaplan, Jeffrey Retrobrands USA, LLC, and Nextel Mobile Worldwide, Inc.,

 (Defendant/Counterclaimant/Appellant)

12. Kernell, James (*pro hac vice*)

 (Counsel for Defendants/Counterclaimants)

13. Lee & Amtzis, P.L.

 (Counsel for Defendants/Counterclaimants)

14. Martinez, Honorable Jose E.

 (U.S. District Court Southern District of Florida, Fort Lauderdale Division)

15. McGuire Woods, LLP

 (Counsel for Plaintiff/Appellee)

16. Nextel, Inc., d/b/a/ Nextel Worldwide

 (Defendant/Counterclaimant)

17. Nextel Mobile Worldwide, Inc.,

 (Defendant/Counterclaimant/Appellant)

18. Retrobrands USA, LLC,

 (Defendant/Counterclaimant/Appellant)

19. Riopelle, Brian

 (Counsel for Plaintiff/Appellee)

20. Rogers, Daniel B.

*Sprint Communications, LLC, v. Jeffrey Kaplan et al.,*
11th Cir. Case No. 22-11717

(Counsel for Plaintiff/Appellee)

21. Rottman, Emily Yandle

(Counsel for Plaintiff/Appellee)

22. Schwartz, Wayne H.

(Former Counsel for Defendants/Counterclaimants)

23. Shook, Hardy & Bacon L.L.P.

(Counsel for Plaintiff/Appellee)

24. Snow, Magistrate Judge Lurana S.

(Former Magistrate in U.S. District Court Southern District of  Florida, Fort

Lauderdale Division)

25. Sprint Communications, LLC

(Plaintiff/Appellee)

26. Spielman, Darren

(Local Trial Co-Counsel for Defendant/ Counterclaimant)

27. Wheatley, Lucy J.

(Counsel for Plaintiff/Appellee)

28. Becerra, Magistrate Judge Jacqueline

(Successor Magistrate in U.S. District Court Southern District of Florida, Fort

Lauderdale Division)

By:   /s/ Dorothy F. Easley
DOROTHY F. EASLEY, MS, JD, BCS APPEALS
Florida Bar No.: 0015891

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950,  MIAMI, FLORIDA 33131  800-216-6185

*Sprint Communications, LLC, v. Jeffrey Kaplan et al.,*
11th Cir. Case No. 22-11717

### APPELLANTS' JEFFREY KAPLAN, RETROBRANDS USA, LLC, NEXTEL MOBILE WORLDWIDE, INC. MOTION TO TAKE JUDICIAL NOTICE OF RELATED USPTO NEXTEL RECORDS

Appellants JEFFREY KAPLAN, RETROBRANDS USA, LLC, NEXTEL MOBILE WORLDWIDE, INC., through undersigned counsel and under the Federal Rules of Appellate Procedure, including Fed. R. App. P. 27, 11th Cir. R. 27-1 and 31-1, Fed. R. Evid. 201, 44 U.S.C. § 1507, and decisional law cited herein, move the Court to take judicial notice of related U.S. Patent and Trademark Office Agency Records as to Nextel, and, as good grounds, state the following:

1.     This is an appeal concerning an April 18, 2022, jury verdict in Sprint's favor on its claims for trademark counterfeiting, infringement, unfair competition, and false designation of origin, dilution, and cybersquatting as to the '**244** Nextel Mark and on claims for trademark counterfeiting, infringement, and unfair competition and false designation of origin as to '**282** Sound Mark. DE309; DE 326 at 92–100. The jury also found in Sprint's favor on Defendants' counterclaim and affirmative defense of abandonment of the '**244** Nextel Mark. DE309. The jury awarded Sprint a total of $4.5 million in statutory damages. DE309 at 1–8.

2.     Rule 201, Fed. R. Evid., provides that the Court may take judicial notice of records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

3.     Title 44 U.S.C.S. § 1507 provides that "[t]he contents of the Federal Register

1

shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number."

4.      Judicial notice of the following records is warranted here: The May 2, 2023, search of the USPTO's TESS search shows there is not "continuous use in commerce" of Nextel Marks. *See* attached Exhibit "A" (identifying Nextel Marks abandoned or DEAD). There are eighty-two entries of Nextel Marks that are abandoned or DEAD. *Id.*

5.      Judicial notice should also be taken of this USPTO record: The TESS page for the Nextel Black and Gold logo [DE314-14 at 2] that Sprint has relied heavily upon, placed in its Answer Brief [at 14], and repeatedly referenced to show "continuous use" [AB at 11, 14, 20, 31, 40] that is actually identified by the USPTO as a DEAD Mark, due to cancellation, going back to October 3, **2014**. *See* attached Exhibit "B".

6.      Similarly, judicial notice should also be taken of this USPTO record: The "Nextel Direct Connect Mark" [DE314-6 at 8; DE314-9 at 1; DE314-12 at 1] (Registration No. 2236098) on which Sprint relies heavily in its efforts to show "continuous use" [AB at 10, 15, 40] is also DEAD due to cancellation in May **2021**. *See* Exhibit "A" at No. 69.

7.      Similarly, judicial notice should also be taken of this USPTO record: The "Sprint Together with Nextel Mark," which appeared on multiple exhibits [DE314-7, 314-8, 314-11], and referenced in Sprint's Answer Brief [at 10, 40] is also DEAD due to an

abandoned **2007** application that ***never*** matured into a registration. *See* Attached Exhibit "C".

8. These USPTO records show how Nextel has been abandoned with no intent to resume use, and that Sprint is being less than candid with the Tribunal regarding its purported continued "use in commerce" of these Nextel Marks.

9. **Certificate of Good Faith:** Appellants confirm that on May 8, 2023, and again on May 9, 2023, undersigned counsel contacted Jonathan Ellis, Esq., counsel for Appellee, to determine in good faith whether Appellee objected to this motion and that Appellants would hold their motion until 4 p.m. May 10, 2023 to allow ample time to consult with the Appellee. Counsel for Appellee, Jonathan Ellis, Esq., responded on May 10, 2023, that Appellee opposes this Motion.

**M<small>EMORANDUM OF</small> L<small>AW</small>**

10. Rule 201, Fed. R. Evid. (emphasis added), addresses judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned:

> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> **(b) Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>> (1) is generally known within the trial court's territorial jurisdiction; or
>> (2) *can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.*
> **(c) Taking Notice.** The court:

3

> (1) may take judicial notice on its own; or
> *(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.*
> **(d) Timing.** *The court may take judicial notice at any stage of the proceeding.*
> **(e) Opportunity to Be Heard.** *On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.* If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

11.    Irrespective of whether the documents to be judicially noticed on appeal were before the district court, judicial notice may be taken at any stage of proceedings, including for the first time on appeal. Rule 201(d), Fed. R. Evid.; *Mobility Workx, LLC v. Unified Patents, LLC*, 15 F.4th 1146, 1151 (Fed. Cir. 2021) (judicial notice of publications on USPTO's website and Federal Register though not before district court); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000) (judicial notice of company's stock prices and New York Times news articles, which were not before district court); *United States v. Salzmann*, 417 F. Supp. 1139, 1159–62 (E.D.N.Y.), *aff'd*, 548 F.2d 395 (2d Cir. 1976) (on motion to dismiss under speedy trial rules, court noticed practice in jurisdiction). In keeping with the rule, it has also been held that judicial notice may be taken by the appellate court even though not taken by the trial court. *Massachusetts v. Westcott*, 431 U.S. 322, 323 n.2 (1977).

12.    In *Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015), this Court took judicial notice of and considered a Florida Department of Corrections Report

from its website, and held that district court erred in dismissing an inmate's

complaint for failure to exhaust administrative remedies under the Prison

Litigation Reform Act, 42 U.S.C.S. § 1997e(a):

> In 2012, there were 43 colonels on the FDOC's 23,525-person staff. Those 43 colonels were spread over 48 prisons statewide. *See* 2011-2012 Annual Statistics Report, http://www.dc.state.fl.us/pub/annual/1112/AnnualReport-1112.pdf. We take judicial notice of these facts because they can be accurately and readily determined from public reports prepared by the Florida Department of Corrections, the accuracy of which cannot reasonably be questioned. *See* FED. R. EVID. 201(b)(2); *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981) ( "Absent some reason for mistrust, courts have not hesitated to take judicial notice [**20] of agency records and reports.").

*Dimanche*, at 1213 n.1.

13.    *Dimanche* cited as support prior precedent in *Terrebonne v. Blackburn,* 646 F.2d 997, 1000 n.4 (5th Cir. 1981), and reasoned, "[a]bsent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports. *Dimanche*, at 1207.

14.    In the binding *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981), decision, the Fifth Circuit Court of Appeals took judicial notice of a Louisiana Department of Corrections Report:

> *See* La. Dep't of Corrections, Statistical Report: 1977-78; 1978-79, 46 (1979). In 1977-78, the Board of Pardons recommended pardon or commutation in 31% of the cases heard. In 1978-79, this figure rose to 33%. We may take judicial notice of these statistics under Rule 201 of the Federal Rules of Evidence. The Report is a 'source( ) whose accuracy cannot reasonably be questioned' in light of the small

numbers involved (1723 cases over two years) and the absence of any motive to falsify the figures. Rule 201(b)(2). Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports. *See Massachusetts v. Westcott*, 431 U.S. 322, 323 n.2, 97 S. Ct. 1755, 1766 n.2, 52 L. Ed. 2d 349 (1977) (Coast Guard records); *Illinois Cent. R. R. v. Tennessee Valley Auth.*, 445 F.2d 308 (6th Cir. 1971) (TVA annual report); *Skolnick v. Board of Commissioners*, 435 F.2d 361 (7th Cir. 1970) (census figures); *Brooks v. United State*s, 273 F. Supp. 619, 624 (D.S.C.1967) ("official governmental reports"). *See also United States v. Hawkins*, 566 F.2d 1006, 1008 n.2 (5th Cir.), *cert. denied*, 439 U.S. 848, 99 S. Ct. 150, 58 L. Ed. 2d 151 (1978) (jury plan which was public record).

*See also, e.g.*, *McGuire v. Marshall*, 50 F.4th 986, 2022 U.S. App. LEXIS 27632, at *23 n. 20 (11th Cir. Oct. 3, 2022) (taking judicial notice of facts on Alabama's sex offender registry website); *United States v. Howard*, 28 F.4th 180, 187 n. 2 (11th Cir. 2022) (taking judicial notice of fact that co-defendant, physician at time of events in case, surrendered her medical license after she was convicted and sentenced; "[t]hat fact is not included in the record, but we can take judicial notice of it as a publicly available state agency record[.]").

15.    Taking judicial notice of USPTO records and the Federal Register from the public record regarding the Nextel marks is proper here. Title 44 U.S.C.S. § 1507 provides that "[t]he contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number."

16.    Circuit Courts of Appeals regularly take judicial notice of USPTO records. In *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1356 (Fed. Cir. 2010), for

example, the Federal Circuit Court of Appeals took judicial notice of USPTO registration documents and the respective Playboy bunny trademarks:

> Moreover, this court may take judicial notice of the existence of the Playboy bunny trademarks under Fed. R. Evid. 201(c), as we determine that the registration documents by the PTO are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2); *Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1306 (Fed. Cir. 2005) (upholding district court's taking of judicial notice of the fact of a patent's reinstatement).

The Federal Circuit concluded "the registration documents by the PTO are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'" under Fed. Rule Evid. 201(c). *In re Chippendales USA, Inc.*, at 1356.

17.    In *Sleep No. Corp. v. Young*, 33 F.4th 1012, 1019 n.2 (8th Cir. 2022), the Eighth Circuit Court of Appeals took judicial notice of USPTO's TESS search results, reasoning they were public records whose accuracy cannot reasonably be questioned and are proper subjects of judicial notice:

> In fact, non-final Office Actions for two of the patent applications— '367 and '087—were recently issued in 2022. Public Patent Application Information Retrieval, USPTO, https://portal.uspto.gov/pair/PublicPair (last visited Apr. 14, 2022) (enter application number; then press "SEARCH"; then see "Status" and "Status Date"). *See Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) (taking judicial notice of an Office Action); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) ("Materials in the online files of the USPTO . . . are proper subjects of judicial notice.").

7

18.    In *Mobility Workx, LLC v. Unified Patents, LLC*, 15 F.4th 1146, 1151 (Fed. Cir. 2021), the Federal Circuit Court of Appeals took judicial notice of the USPTO's website and Federal Register, and other agency documents obtained through the Freedom of Information Act, including a report from the Congressional Research Service, citing then-Fed. R. Evid. 201(b) as facts "not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and explained:

> Here, many of the proffered documents were published in the Federal Register or on the USPTO's website. Other agency documents were obtained through a Freedom of Information Act ("FOIA") request. One document is a report from the Congressional Research Service. These types of government documents are capable of being 'accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2).

*Mobility Workx, LLC*, at 1151.

19.    In *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004), the District of Columbia Circuit judicially noticed USPTO records and cited numerous decisions from other Circuits widely recognizing the USPTO records are properly the subject of judicial notice:

> The documents recorded by the PTO were not attached to Kaempe's complaint. However, the cited documents are public records subject to judicial notice on a motion to dismiss. *See EEOC v. St. Francis Xavier Parochial Sch.*, 326 U.S. App. D.C. 67, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also* 37 C.F.R. § 1.12 (2003) (stating that PTO assignment records are open to public inspection); *Vitek Sys., Inc. v. Abbott Labs.*,

*Sprint Communications, LLC, v. Jeffrey Kaplan et al.,*
11th Cir. Case No. 22-11717

675 F.2d 190, 192 n.4 (8th Cir. 1982) (holding that the court may take judicial notice of PTO filings). It is also clear that these documents - which were appended to Myers' motion to dismiss and whose authenticity is not disputed - may be considered here because they are referred to in the complaint and are integral to Kaempe's conversion claim. *See*, *e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

*See also* N.J. Physicians United Reciprocal Exch. v. Privilege Underwriters, Inc., No. 15-6911 (FLW), 2016 U.S. Dist. LEXIS 143745, at *13 (D.N.J. Oct. 18, 2016)

("Indeed, the Court takes judicial notice that Defendants first registered their PURE Designation in October 2008. The service mark reads 'PURE HIGH NET WORTH INSURANCE.' *See* USPTO Reg. No. 3,513,189. Moreover, since that time, Defendants have continued to register the PURE Designation in different iterations, with the latest registration in November 2015. *See* USPTO Reg. No. 86,821,813.").

20.    Other government agency records, including EPA websites, are widely judicially noticed under Fed. R. Evid. 201(b), including the Tenth Circuit Court of Appeals in *Garling v. United States EPA*, 849 F.3d 1289, 1297 n.4 (10th Cir. 2017), wherein *Garling* cited Supreme Court and numerous Circuit Court decisions regularly taking judicial notice of government websites and factual information across the World Wide Web:

9

*Sprint Communications, LLC, v. Jeffrey Kaplan et al.,*
11th Cir. Case No. 22-11717

The EPA website states, 'Wyoming is the only State that has not applied to the [EPA] for authority to administer the public water supply program,' and thus EPA Region 8 'directly implements the [SDWA]' in the state, including '[l]aboratory certification' and '[f]ormal enforcement.' EPA Region 8 Drinking Water Program, *Wyoming Drinking Water Program*, EPA, https://perma.cc/L7HG-UYBZ (last visited Feb. 24, 2017). Wyoming's DEQ website states, 'EPA Region 8 has primary enforcement authority . . . for all [SDWA] regulatory programs,' except for several programs not relevant here. Wyo. Dep't of Envtl. Quality, *What is Primacy?*, DEQ, https://perma.cc/73YH-ZT6Z (last visited Feb. 24, 2017). These sources permit judicial notice of the EPA's primary SDWA enforcement authority in Wyoming. *See* Fed. R. Evid. 201(b); *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 & n.22 (10th Cir. 2009) (taking judicial notice of facts on government websites and observing, 'It is not uncommon for courts to take judicial notice of factual information found on the world wide web' (quotations omitted)); *see also United States v. Windsor*, 133 S. Ct. 2675, 2690, 186 L. Ed. 2d 808 (2013) (citing state government website for results of citizens' initiatives concerning same-sex marriage); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information from government website).

*Garling* at 1297 n.4; *see also Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856 (D.C. Cir. 2022) (although complaint did not contain publication date of Final Report of the National Commission on Terrorist Attacks Upon the United States (9/11 Commission Report), court properly took judicial notice that report was published in 2004); *Pietrangelo v. Sununu*, 15 F.4th 103, 105–106, n. 1 (1st Cir. 2021) (taking judicial notice of facts that [COVID] vaccine scarcity "is no longer the problem it once was" and "[s]ince early July, the demand for vaccines in New Hampshire has plateaued[,]" because "[t]he accuracy of state and federal vaccine

distribution data cannot be reasonably questioned"); *Euzebio v. McDonough*, 989 F.3d 1305, 1321 (Fed. Cir. 2021) (explaining courts may take judicial notice of agency manuals); *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021) (taking judicial notice of facts that "can be readily determined from reliable sources, such as the Congressional Research Service and State Department reports"); *Mir v. Kirchmeyer,* 2021 U.S. App. LEXIS 29605, at *8 (2d Cir. Oct. 1, 2021) (taking judicial notice that relevant defendants were listed as board members on New York State Education Department's website, observing it is "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned");

*Fishman v. Office of Court Admin. N.Y. State Courts*, No. 20-1300, 2021 U.S. App. LEXIS 29233, at *5 n.4 (2d Cir. Sep. 28, 2021) (taking judicial notice of New York State Unified Court System's webpage describing ADA accommodations-request process); *Safer Chems. v. United States EPA,* 943 F.3d 397, 420 n.13 (9th Cir. 2019) (taking judicial notice of EPA's scope document for 1,4 dioxane, publicly available online); *Lake v. Ohana Military Cmtys., LLC,* 14 F.4th 993, 1005–1006, n. 6 (9th Cir. 2021) (taking judicial notice that Navy has made specified representations in Navy Installations Command website re privatized housing on military installations); *Organic Cannabis Found., LLC v. Comm'r,* 962 F.3d 1082, 1096 (9th Cir. 2020) (taking judicial notice of fact that the U.S. Postal

Service has reserved the five-digit ZIP code "95402" solely for P.O. boxes in Santa

Rosa, citing *Dudum v. Arntz*, 640 F.3d 1098, 1101 n. 6 (9th Cir. 2011) for the

proposition that judicial notice may be taken of official information that is posted

on a government website and that is "not subject to reasonable dispute"

(quoting  Fed. R. Evid. 201(b)); *Safer Chems. v. United States EPA,* 943 F.3d 397,

420 n. 13 (9th Cir. 2019); *Standing Akimbo, LLC v. United States,* 955 F.3d 1146,

1152 and n. 2 (10th Cir. 2020) (taking judicial notice of official government

publication, Internal Revenue Serv., Dep't of the Treasury, Catalog No. 64731W,

Publication       1:       Your       Rights       as       a       Taxpayer       (Rev.       9-

2017), https://www.irs.gov/pub/irs-pdf/p1.pdf.); *K.T. v. Royal Caribbean Cruises,*

*Ltd.,* 931 F.3d 1041, 1048 (11th Cir. 2019) (taking judicial notice of Cruise Line

Incident                Report,                U.S.                Dep't                Transp.,

https://www.transportation.gov/mission/safety/cruise-line-incident-reports (last

updated Apr. 17, 2019); observing: "Absent some reason for mistrust, courts have

not hesitated to take judicial notice of agency records and reports."); *United States*

*v. Garcia*, 855 F.3d 615, 621–622 (4th Cir. 2017) (district court did not err when it

took judicial notice of portion of the U.S. Citizenship and Immigration Services

website under Rule 201(b)); *Apotex Inc. v. Acorda Therapeutics, Inc.,* 823 F.3d 51,

59–60 (2d Cir. 2016) (taking judicial notice of FDA document, available on FDA

website, explaining how FDA determines if petition implicates public health

issue); *Williams v. Lew,* 819 F.3d 466, 473 (D.C. Cir. 2016) (taking judicial notice of GAO Report, discussing market effects of "debt limit impasses," available on GAO website); *United States v. Bryant,* 2020 U.S. Dist. LEXIS 211797, at 7 n. 1 (E.D. Wash. November 12, 2020); *In re Savisa (Pty.) Ltd.*, Ser. No. 78154196, 2005 TTAB LEXIS 91, at *6-12 (Feb. 24, 2005) (Board took judicial notice of the following sources: *World Almanac and Book of Facts 2004* (W. McGeveren, editorial dir.) which states that six million people speak Afrikaans, with significant numbers in ten countries; *Facts About the World's Languages: An Encyclopedia of the World's Major Languages, Past and Present* (J. Garry & C. Rubino eds., 2001), which states Afrikaans is home language of 6.2 million people in South Africa (out of a total population of 44 million people); and the language was spoken as a second or third language by an indeterminate but very large number of Black South Africans (who speak Bantu languages), Asians, and English-speaking Whites).

21.    The attached Exhibits "A", "B", and "C" are properly the subject of judicial notice as public USPTO records concerning the subject Nextel Marks. Under 37 C.F.R. § 1.11 (2023) (listing PTO records are open to public inspection) and 37 C.F.R. § 1.12 (2023) (stating that PTO assignment records are open to public inspection), these files are public records.

21.    Likewise, the TESS is open to the general public. *See* USPTO TESS, https://tmsearch.uspto.gov/bin/gate.exe?f=tess&state=4805:h5zvvi.1.1 (last visited May 5, 2023); *see also* 15 U.S.C.A. § 1115 ("Any registration issued under the Act of March 3, 1881, or the Act of February 20, 1905, or of a mark registered on the principal register provided by this chapter and owned by a party to an action shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein, but shall not preclude another person from proving any legal or equitable defense or defect, including those set forth in subsection (b), which might have been asserted if such mark had not been registered." 15 U.S.C.A. § 1115 (a) *Such defects include "…That the mark has been abandoned by the registrant;"* (*Id.* at 1115(b)); 6 Gilson on Trademarks Examination Guide 1–08 (2023).

<u>CONCLUSION</u>

**FOR THE REASONS AND LEGAL AUTHORITIES SET FORTH HEREIN**, Appellants respectfully request that the Court grant this Motion, take judicial notice of the public USPTO Nextel records attached as Exhibits "A", "B", and "C" as they directly relate to Issues I, II, III, IV, and V on appeal, and in the form that the Courts deems just and

appropriate.

Respectfully submitted,

*And*

| | |
|---|---|
| ALEX BROWN, ESQ., | BY:    /s/ DOROTHY F. EASLEY |
| DARREN SPIELMAN, ESQ., | DOROTHY F. EASLEY, MS, JD, BCS APPEALS |
| THE CONCEPT LAW GROUP, P.A. | FLA. BAR NO. 0015891 |
| **Local Counsel for** | **EASLEY APPELLATE PRACTICE, PLLC** |
| **Defendants/Appellants** | 1200 BRICKELL AVE., SUITE 1950 |
| 6400 North Andrews Avenue, Suite | MIAMI, FLORIDA 33131 |
| 500 | T: 305-444-1599; 800-216-6185 |
| Fort Lauderdale, Florida 33309 | Email: |
| T: (754)-300-1325 | administration@easleyappellate.com |
| E: ABrown@ConceptLaw.com | admin2@easleyappellate.com |
| dspielman@conceptlaw.com | *Lead Appellate Counsel for Appellants* |

JAMES J. KERNELL, ESQ. (*pro hac
vice*)
KYLE D. DONNELLY, ESQ. (*pro hac
vice*)
ERICKSON KERNELL IP, LLC
**Counsel for Defendants/Appellants**
8900 State Line Road, Suite 500
Leawood, Kansas 66206
T: 913-549-4700
E: jjk@kcpatentlaw.com
kdd@kcpatentlaw.com

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE
REQUIREMENTS AND TYPE STYLE REQUIREMENTS**

1.    This motion complies with the type-volume limitations of Fed.R.App.P.

27(d)(2)(A) because it contains fewer than  5200  words, specifically  3696   words,

excluding the parts of the motion exempted by Fed. R. App. P. (27) (a)(2)(B).

2.    This brief/motion complies with the typeface requirements of Fed.R.App.P.

15

32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(6).  It has been prepared in Word using a proportionally spaced Times Roman 14 point font.

/s/ Dorothy F. Easley
DOROTHY F. EASLEY, MS, JD, BCS APPEALS
Florida Bar No.: 0015891

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, including email service this this  10th  day of May, 2023.

/s/ DOROTHY F. EASLEY
DOROTHY F. EASLEY, MS, JD, BCS APPEALS
Florida Bar No.: 0015891

### SERVICE LIST
*Sprint Communications, LLC, Plaintiff/Appellee v. Jeffrey Kaplan et al.,
Defendants/Appellants*
APPEAL CASE NO. 22-11717-JJ

DANIEL B. ROGERS, ESQ.
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
T: 305-358-5171
E: drogers@shb.com

ALEX BROWN, ESQ.,
DARREN SPIELMAN, ESQ.,
THE CONCEPT LAW GROUP, P.A.
*Local Counsel for Defendants/Appellants*
6400 North Andrews Avenue, Suite 500
Fort Lauderdale, Florida 33309
T: (754)-300-1325

*Sprint Communications, LLC, v. Jeffrey Kaplan et al.,*
11th Cir. Case No. 22-11717

SARA F. HOLLADAY-TOBIAS, ESQ.,
EMILY YANDLE ROTTMANN, ESQ.
MCGUIRE WOODS, LLP
**Counsel for Plaintiff/Appellee Sprint**
**Communications, LLC**
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
T: (904) 798-3200
E: stobias@mcguirewoods.com
flservice@mcguirewoods.com
erottmann@mcguirewoods.com

AMANDA L. DEFORD, ESQ.,
LUCY J. WHEATLEY, ESQ. ,
BRIAN RIOPELLE, ESQ.
MCGUIRE WOODS, LLP
**Counsel for Plaintiff/Appellee Sprint**
**Communications, LLC**
800 East Canal Street
Richmond, Virginia 23219
T: (804) 775-1000
E: adeford@mcguirewoods.com
lwheatley@mcguirewoods.com
briopelle@mcguirewoods.com

JONATHAN Y. ELLIS, ESQ.
MCGUIRE WOODS, LLP
**Lead Appellate Counsel for Appellee**
**Sprint Communications, LLC**
501 Fayetteville Street, Suite 500
Raleigh, North Carolina, 27601
T: (919) 755-6588
E: jellis@mcguirewoods.com

E: ABrown@ConceptLaw.com
dspielman@conceptlaw.com

JAMES J. KERNELL, ESQ. (*pro hac vice*)
KYLE D. DONNELLY, ESQ. (*pro hac vice*)
ERICKSON KERNELL IP, LLC
**Counsel for Defendants/Appellants**
8900 State Line Road, Suite 500
Leawood, Kansas 66206
T: 913-549-4700
E: jjk@kcpatentlaw.com
kdd@kcpatentlaw.com

DOROTHY F. EASLEY, MS JD BCS APPEALS
EASLEY APPELLATE PRACTICE PLLC
**Lead Appellate Counsel for Appellants**
1200 Brickell Avenue, Suite 1950
Miami, Florida  33131
T: (305) 444-1599; (800) 216-6185
Florida Bar Designated e-Mail:
administration@EasleyAppellate.com
admin2@easleyappellate.com
Upload URL for secure e-service:
https://www.hightail.com/u/Easley-
Appellate-Practice-PLLC
www.easleyappellate.com



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks > Trademark Electronic Search System (TESS)**

TESS was last updated on Tue May 2 03:32:21 EDT 2023

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | BOTTOM | HELP |

Logout  *Please logout when you are done to release system resources allocated for you.*

Start  List At: [＿＿＿＿]  OR  Jump  to record: [＿＿＿＿]

**82 Record(s) found (This page: 1 ~ 50)**

Refine Search [(dead)[LD]  AND  (NEXTEL)[COMB]]  Submit

**Current Search:** S1: **(dead)[LD] AND (NEXTEL)[COMB]** docs: 82 occ: 261

Export displayed results (1 ~ 50) [.csv]

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead | Class(es) |
|---|---|---|---|---|---|---|
| 1 | 87220918 | | NEXTEL | TSDR | DEAD | 038 |
| 2 | 87381493 | | NEXTEL | TSDR | DEAD | 038 |
| 3 | 78947337 | | SPRINT POWER UP TOGETHER WITH NEXTEL | TSDR | DEAD | 009; 016; 035; 036; 037; 038; 039; 041; 042 |
| 4 | 78553594 | | NEXR2 | TSDR | DEAD | 040 |
| 5 | 78553591 | | NEXR2 | TSDR | DEAD | 040 |
| 6 | 78297324 | 3389662 | NEXTEL | TSDR | DEAD | 009; 038 |
| 7 | 78423625 | | NEXTEL COMPATIBLE SOLUTION | TSDR | DEAD | |
| 8 | 78388398 | | NEXTEL FLEX PLAN | TSDR | DEAD | 038 |
| 9 | 78309768 | | NEXTEL. DONE BETTER. | TSDR | DEAD | 009; 038 |
| 10 | 78309762 | | NEXTEL. DONE RIGHT. | TSDR | DEAD | 009; 038 |
| 11 | 78304076 | 2945251 | NEXTEL.DONE. | TSDR | DEAD | 009; 038 |
| 12 | 78304070 | 2979283 | NEXTEL.DONE. | TSDR | DEAD | 009; 038 |
| 13 | 78295911 | 2958412 | NEXTEL | TSDR | DEAD | 009; 038 |
| 14 | 78291305 | | NEXTEL OPTIONS | TSDR | DEAD | 038 |
| 15 | 78289673 | | NEXTEL OPTIONS FLAT RATE | TSDR | DEAD | 038 |
| 16 | 78289672 | | NEXTEL OPTIONS ADVANCE PAY | TSDR | DEAD | 038 |
| 17 | 78289669 | | NEXTEL OPTIONS FLEX RATE | TSDR | DEAD | 038 |
| 18 | 78289668 | | NEXTEL OPTIONS EASY PAY | TSDR | DEAD | 038 |
| 19 | 78282396 | 2950172 | NEXTEL. DONE. | TSDR | DEAD | 009; 038 |
| 20 | 78282169 | | NEXTEL PREFERRED PARTNERS | TSDR | DEAD | 035 |
| 21 | 78278966 | | NEXTEL WIRELESS BROADBAND | TSDR | DEAD | 009; 038 |
| 22 | 78225528 | | NEXTEL ICONTROL | TSDR | DEAD | 009; 038 |
| 23 | 78225219 | | NEXTEL ICONNECT | TSDR | DEAD | 009; 038 |
| 24 | 78225215 | | NEXTEL ICARE | TSDR | DEAD | 009; 038 |
| 25 | 78206341 | | NEXTEL EMERGENCY GROUP | TSDR | DEAD | 009; 038 |

| 26 | 78145216 |  | NEXTEL NUMBERS | TSDR | DEAD | 009 |
| 27 | 77368305 |  | N | TSDR | DEAD | 011 |
| 28 | 76977798 | 3067324 | NEXTEL.YA. | TSDR | DEAD | 038 |
| 29 | 76977106 | 2987131 | NEXTEL GROUP CONNECT | TSDR | DEAD | 038 |
| 30 | 76976733 |  | NEXTEL DIRECT CONNECT GET RIGHT THROUGH. | TSDR | DEAD | 038 |
| 31 | 76577223 |  | REPAIR NEXTEL AUTHORIZED SERVICE CENTER | TSDR | DEAD | 037 |
| 32 | 76577222 |  | NEXTEL.YA. | TSDR | DEAD | 009; 038 |
| 33 | 76577221 | 3121202 | NEXTEL FOR LIFE | TSDR | DEAD | 009; 038 |
| 34 | 76577220 |  | NEXTEL.YA. | TSDR | DEAD | 009 |
| 35 | 76577219 |  | REPAIR NEXTEL AUTHORIZED SERVICE CENTER | TSDR | DEAD | 037; 042 |
| 36 | 76448245 |  | NEXTEL GROUP CONNECT | TSDR | DEAD | 009; 028 |
| 37 | 76426103 |  | NEXTEL U | TSDR | DEAD | 009; 038 |
| 38 | 76416977 |  | NEXTEL IPLAY | TSDR | DEAD | 009; 038 |
| 39 | 76416976 |  | NEXTEL ISTORE | TSDR | DEAD | 009; 038 |
| 40 | 76416975 |  | NEXTEL IGAME | TSDR | DEAD | 009; 038 |
| 41 | 76415496 |  | NEXTEL DIRECT CONNECT GET RIGHT THROUGH. | TSDR | DEAD | 009 |
| 42 | 76415495 |  | NEXTEL | TSDR | DEAD | 009; 038 |
| 43 | 76391792 |  | NEXTEL COMPATIBLE PRODUCT | TSDR | DEAD | 009 |
| 44 | 76391791 |  | THE NEXTEL STORE | TSDR | DEAD | 009; 038 |
| 45 | 76391790 | 2863268 | POWERED BY NEXTEL | TSDR | DEAD | 009; 038 |
| 46 | 76391789 |  | THE NEXTEL STORE | TSDR | DEAD | 009; 038 |
| 47 | 76391788 |  | DISCOVER THE NEXTEL ADVANTAGE | TSDR | DEAD | 009; 038 |
| 48 | 76383722 |  | NEXTEL COMPATIBLE PRODUCT | TSDR | DEAD | 009 |
| 49 | 76351872 |  | NEXTEL PREMIER CLUB GOLD | TSDR | DEAD | 035; 038 |
| 50 | 76351871 |  | NEXTEL PREMIER CLUB SILVER | TSDR | DEAD | 035; 038 |

Export displayed results (1 ~ 50) .csv

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | TOP | HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY |

**Exhibit "A"**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Tue May 2 03:32:21 EDT 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | BOTTOM | HELP |

Logout  *Please logout when you are done to release system resources allocated for you.*

Start List At: [          ]  OR  Jump to record: [          ]

**82 Record(s) found (This page: 51 ~ 82)**

Refine Search [(dead)[LD]  AND  (NEXTEL)[COMB]]  Submit

**Current Search:** S1: **(dead)[LD] AND (NEXTEL)[COMB]** docs: 82 occ: 261

Export displayed results (51 ~ 82)  .csv

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead | Class(es) |
|---|---|---|---|---|---|---|
| 51 | 76333589 | 2751945 | NEXTEL COMPATIBLE | TSDR | DEAD | 038 |
| 52 | 76333588 | | NEXTEL COMPATIBLE LOGO | TSDR | DEAD | 009 |
| 53 | 76333587 | 2692446 | NEXTEL NATIONAL PLANS | TSDR | DEAD | 038 |
| 54 | 76301404 | | NBI NEXTEL BROADBAND, INC. | TSDR | DEAD | 009; 038 |
| 55 | 76301026 | | NEXTEL BROADBAND | TSDR | DEAD | 009; 038 |
| 56 | 76299199 | | NEXTEL INTERNATIONAL | TSDR | DEAD | 038 |
| 57 | 76280540 | 2765052 | NEXTEL DIRECT CONNECT. GET RIGHT THROUGH | TSDR | DEAD | 009; 038 |
| 58 | 76280533 | | NEXTEL. GET RIGHT THROUGH | TSDR | DEAD | 009; 038 |
| 59 | 76271018 | | NEXTEL ITRAVELER | TSDR | DEAD | 009; 038 |
| 60 | 76223568 | 2737925 | NEXTEL MOBILE EXTENSION | TSDR | DEAD | 038 |
| 61 | 76162358 | | NEXTEL REWARDS | TSDR | DEAD | 035 |
| 62 | 75854539 | 2764617 | NEXTEL HOW BUSINESS GETS DONE INSTANTLY | TSDR | DEAD | 038 |
| 63 | 75794507 | 2391504 | NEXTEL | TSDR | DEAD | 009; 038 |
| 64 | 75759904 | 2435925 | NEXTEL.HOW BUSINESS GETS DONE. | TSDR | DEAD | 038 |
| 65 | 75636427 | 2430370 | NEXTEL ONLINE | TSDR | DEAD | 038 |
| 66 | 75624617 | 2326015 | NEXTEL NATIONAL BUSINESS PLAN | TSDR | DEAD | 038 |
| 67 | 75592953 | 2403310 | GET SMART.GET NEXTEL. | TSDR | DEAD | 038 |
| 68 | 75583910 | | NEXTEL MILLENIUM | TSDR | DEAD | 038 |
| 69 | 75244957 | 2236098 | NEXTEL DIRECT CONNECT | TSDR | DEAD | |
| 70 | 75491627 | 2306603 | NEXTEL NEXTDAY | TSDR | DEAD | 039 |
| 71 | 75474677 | 2359176 | NEXTEL BUSINESS NETWORKS | TSDR | DEAD | 038 |
| 72 | 75450399 | 2251278 | NEXTEL LONG DISTANCE | TSDR | DEAD | 038 |
| 73 | 75370689 | | NEXRENT | TSDR | DEAD | 038 |
| 74 | 75352372 | | NEXTEL.NET | TSDR | DEAD | 038 |
| 75 | 75338594 | 2598210 | NEXTEL WORLDWIDE | TSDR | DEAD | 009; 038 |
| 76 | 75303099 | | NEXTEL NET | TSDR | DEAD | 038 |
| 77 | 75245041 | | GET SMART.GET NEXTEL. | TSDR | DEAD | 038 |

Exhibit "A"

USCA11 Case: 22-12317    Document: 55    Date Filed: 05/10/2023    Page: 27 of 33

| 78 | 75227919 | 2368982 | NEXTEL | | TSDR | DEAD | 038 |
| 79 | 74066566 | 1637139 | NEXTEL | | TSDR | DEAD | |
| 80 | 74523547 | | NEXTEL | | TSDR | DEAD | 035 |
| 81 | 72393555 | 0928428 | NEXTEL | | TSDR | DEAD | 003 |
| 82 | 72264636 | 0832101 | NEXTEL | | TSDR | DEAD | 002 |

Export displayed results (51 ~ 82)   [ .csv ]

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | TOP | HELP |

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed May 10 03:17:23 EDT 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [　　　] OR Jump | to record: [　　　]    **Record 76 out of 93**

TSDR | ASSIGN Status | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

| | |
|---|---|
| **Word Mark** | **NEXTEL** DIRECT CONNECT |
| **Goods and Services** | (CANCELLED) IC 038. US 100 101 104. G & S: telecommunication services, namely, two-way radio communications. FIRST USE: 19970303. FIRST USE IN COMMERCE: 19970303 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75244957 |
| **Filing Date** | February 19, 1997 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 3, 1998 |
| **Registration Number** | 2236098 |
| **Registration Date** | March 30, 1999 |
| **Owner** | (REGISTRANT) NEXTEL COMMUNICATIONS, INC. CORPORATION DELAWARE 2001 EDMUND HALLEY DRIVE RESTON VIRGINIA 20191 |
| | (LAST LISTED OWNER) NEXTEL COMMUNICATIONS, INC. CORPORATION DELAWARE KSOPHT0101-Z2100 6391 Sprint Parkway OVERLAND PARK KANSAS 66251 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | LUCY JEWETT WHEATLEY |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "DIRECT CONNECT" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20090324. |
| **Renewal** | 1ST RENEWAL 20090324 |
| **Live/Dead Indicator** | DEAD |
| **Cancellation Date** | May 17, 2021 |

EXHIBIT "A"

Trademark Electronic Search System (TESS)

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 2 03:32:21 EDT 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [_____] OR **Jump** to record: [_____] **Record 12 out of 93**

---

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | NEXTEL |
| **Goods and Services** | (CANCELLED) IC 009. US 021 023 026 036 038. G & S: Equipment used in providing telecommunications services, namely, mobile radios, two-way radios, cellular telephones, digital cellular telephones, mobile telephones, dispatch radios, radio pagers, mobile dispatch radios, mobile data receivers and transmitters and handheld units for the wireless receipt and transmission of voice, data, video, music and pictures, namely, handheld personal computers and personal digital assistants (PDAs); positioning, tracking, monitoring and security systems comprised of wireless communications transmitters and receivers; hardware and software for use in communications networks, namely, software and Internet protocol and telecommunications network transmitters, receivers, converters, and routers, all of which allow the user to send voice, data, pictures, music and video over wireless networks. FIRST USE: 20030915. FIRST USE IN COMMERCE: 20030915 |
| | (CANCELLED) IC 038. US 100 101 104. G & S: Telecommunication services, namely, electronic, electric and digital transmission of voice, data, pictures, music and video via wireless networks; two-way radio dispatching services, electronic transmission of voice, text, images, data, music and information by means of two-way radios, mobile radios, cellular telephones, digital cellular telephones, mobile telephones, handheld units, namely, personal computers and digital assistants (PDAs), dispatch radios, and pagers; paging services; transmission of positioning, tracking, monitoring and security data via wireless communications devices; mobile telephone communication services; wireless Internet access services; and wireless data services for mobile devices via a wireless network for the purpose of sending and receiving electronic mail, facsimiles, data, images, music, information, text, numeric messaging and text messaging and for accessing a global communications network. FIRST USE: 20030915. FIRST USE IN COMMERCE: 20030915 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.11.21 - Rectangles that are completely or partially shaded |
| **Trademark Search Facility Classification Code** | INAN Inanimate objects such as lighting,clouds,footprints,atomic configurations,snowflakes,rainbows,flames<br>SHAPES-COLORS-2 Design listing or lined for two colors<br>SHAPES-GEOMETRIC Geometric figures and solids including squares, rectangles, quadrilaterals and polygons<br>SHAPES-MISC Miscellaneous shaped designs |
| **Serial Number** | 78297324 |
| **Filing Date** | September 8, 2003 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |

| | |
|---|---|
| **Published for Opposition** | June 22, 2004 |
| **Registration Number** | 3389662 |
| **Registration Date** | February 26, 2008 |
| **Owner** | (REGISTRANT) S-N MERGER CORP. CORPORATION DELAWARE 2001 EDMUND HALLEY DR. RESTON VIRGINIA 20191 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Travis P. Boozer |
| **Prior Registrations** | 1637139;1884244;2391504;AND OTHERS |
| **Description of Mark** | The color(s) yellow and black is/are claimed as a feature of the mark. The color yellow appears as the background to the wording and the color black appears in the word Nextel and to the right side of the rectangle. |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Cancellation Date** | October 3, 2014 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

USCA11 Case: 22-11717      Document: 55      Date Filed: 05/10/2023      Page: 32 of 33

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Fri May 5 03:17:22 EDT 2023*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| **Word Mark** | **SPRINT** POWER UP **TOGETHER** WITH **NEXTEL** |
| **Goods and Services** | (ABANDONED) IC 009. US 021 023 026 036 038. G & S: Communications equipment, namely, portable and handheld wireless devices for transmitting, receiving, storing, organizing, manipulating and reviewing voice, images, text, data, video and audio files, namely, mobile telephones and personal digital assistants; magnetically-encoded cards for security, identification, data storage and prepaid telephone calling; external computer modems for use to access wireless networks; downloadable games, ring tones, graphics, sound and music; batteries, hands-free car kits, carrying clips, travel and desktop chargers, all for mobile telephones and personal digital assistants; global positioning services via wireless devices, namely, mobile telephones or personal digital assistants |

(ABANDONED) IC 016. US 002 005 022 023 029 037 038 050. G & S: Printed materials, namely, newsletters, brochures and magazines all in the field of communications; non-magnetically encoded prepaid telephone calling cards

(ABANDONED) IC 035. US 100 101 102. G & S: Operator services; telephone directory services; advertising services, namely, promoting the goods and services of others through the dissemination of promotional materials, printed and online advertising; consulting services in the field of communications; research and analysis of business communication networks; retail in-store and online services featuring telecommunications products and services and activation, office equipment leasing services

(ABANDONED) IC 036. US 100 101 102. G & S: Telephone calling card services; pre-paid purchasing card services, namely, processing electronic payments for the purpose of telecommunications goods and services through prepaid cards

(ABANDONED) IC 037. US 100 103 106. G & S: Installation, maintenance and repair of telecommunications wiring and equipment

(ABANDONED) IC 038. US 100 101 104. G & S: Telecommunications and information technology services, namely transmission of voice, data, images, audio, video, and information via telephone and global communication networks; personal communications services; pager services; two-way radio services; leasing telecommunications equipment, components, systems and supplies; electronic mail services; voice and text messaging services; television broadcasting services; providing multiple-user access to a global communications network; transmission and broadcast of audio and video programming; long distance telephone communication services

(ABANDONED) IC 039. US 100 105. G & S: Storage of electronic media and files, namely, images, text, audio and video

(ABANDONED) IC 041. US 100 101 107. G & S: Educational and entertainment services, namely, providing news, entertainment and general information via telephone, television and global communications networks; educational services, namely, training in the use, operation and management of telecommunications and equipmen

(ABANDONED) IC 042. US 100 101. G & S: Providing engineering services; new product technical consultation, monitoring and design services in the field of telecommunications equipment and computers

| | |
|---|---|
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.15.12 - Cyclones; Tornadoes; Whirlpools<br>03.17.01 - Wings, birds'<br>09.09.01 - Crochet hooks; Hooks, crochet; Needles, sewing and knitting; Pins, safety; Pins, sewing (straight); Safety pins<br>26.05.15 - Four or more triangles; Triangles - four or more<br>26.05.25 - Triangles with one or more curved sides<br>26.05.28 - Miscellaneous designs with overall triangular shape; Triangular shape (miscellaneous overall shape)<br>26.11.21 - Rectangles that are completely or partially shaded<br>26.17.09 - Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved |
| **Serial Number** | 78947337 |
| **Filing Date** | August 8, 2006 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Sprint Communications Company L.P. US Telecom, Inc., a Kansas corporation LIMITED PARTNERSHIP DELAWARE 6200 Sprint Parkway Overland Park KANSAS 66251 |
| **Attorney of Record** | Travis P. Boozer |
| **Prior Registrations** | 1104943;2273416;3046207;AND OTHERS |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | June 18, 2007 |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |
|---|---|---|---|---|---|---|---|